IN THE CIRCUIT COURT OF THE 13TH JUDICIAL CIRCUIT, IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

CASE NO: _____

**SADI LOFORTE,**

    **Plaintiff,**

vs.

**STALLION EXPRESS FL LLC,**
a Foreign Limited Liability Company,

    **Defendant.**

_____/

## COMPLAINT

Plaintiff, **SADI LOFORTE** ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Defendant, **STALLION EXPRESS FL LLC** ("Defendant") and states as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $30,000 excluding attorneys' fees or costs, as a result of discrimination predicated on Plaintiff's National Origin and sex/gender, and for discriminatory retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 ("Title VII");.

2. The jurisdiction of the Court over this controversy is based upon the Title VII and because the actions with respect to this complaint occurred within the jurisdiction of this court.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident of Hillsborough County, Florida, within the jurisdiction of this Honorable Court.

4. Plaintiff is a covered employee for purposes of the Title VII.

5. Defendant is a Foreign Limited Liability Company with a registered agent in Florida, doing business out of a location in Tampa, Florida. Plaintiff's registered agent is located in Plantation, FL.

6. Venue is proper in Hillsborough County because all of the actions that form the basis of this Complaint occurred within Hillsborough County, the discriminatory acts took place in Hillsborough County, and damages are due in Hillsborough County.

7. Defendant was an "employer" pursuant to Title VII, The Civil Rights Act of 1964 as they engage in interstate commerce and have more than 15 employees. Sec. 2000e. Section 701.

8. At all times material hereto, Plaintiff was an "employee" within the meaning of Title VII, The Civil Rights Act of 1964 and it is subject to the employment discrimination provisions of the applicable statutes.

9. Plaintiff previously filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was dually filed with the Florida Commission on Human Relations. The charge number is 210-2021-05520 and was filed in July of 2021.

10. A Right to Sue was issued by the EEOC on October 25, 2021 and signed by Evangeline Hawthorne, Director. This Right to Sue was copied to Counsel, Benesch, Friedlander, Coplan & Aronoff, LLP in Cleveland, OH.

11. Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages

12. All conditions precedent for the filing of this action before this Court have previously been met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

13. Plaintiff was employed with Defendant as a Delivery Driver from December of 2020 of through May of 2021.

14. Plaintiff is a Female individual of Cuban National Origin.

15. Plaintiff's supervisor was John Wilches and he unilaterally made decision with regard to the work provided to Plaintiff, her routes and dealt with all issues raised by Plaintiff prior to her termination.

16. Plaintiff was terminated as she was no longer given routes by John after May of 2021.

17. Plaintiff complained to John Wilches various times regarding his scheduling her for late night routes and dangerous routes.

18. Plaintiff complained that she would find bottles under her tires and though John Wilches represented to Plaintiff that he would not send her on these routes, he actually failed to do so.

19. John did no treat non-Cuban males this way and gave dangerous and difficult routes to the Cuban and Female drivers such as Plaintiff.

20. John would regularly discriminate against Cuban and female drivers by changing their routes last minute. These include Alexander Garcia, Mario Valenzuela, Eduardo Valenzuela, Iranso (LNU) and Luis Rodriguez.

21. This treatment was because John Wilches was Columbian and did not like Cubans.

22. When plaintiff subsequently complained in April/May of a last minute route change and the unfairness of the situation, he told her he would terminate her and stopped given her assignments.

23. Throughout Plaintiff's employment with Defendant, she was able to perform the essential functions of her job duties and responsibilities.

24. At all relevant times Plaintiff did perform her job at satisfactory or above satisfactory levels.

25. Any reason proffered by Defendant for the adverse employment actions is mere pretext for unlawful discrimination.

26. Plaintiff was forced to retain counsel in order to prosecute her rights.

### COUNT I
### NATIONAL ORIGIN DISCRIMINATION
### IN VIOLATION OF TITLE VII

27. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-26 of this complaint as if set out in full herein.

28. Plaintiff is a member of a protected class under Title VII.

29. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's national origin and subjected the Plaintiff to animosity based on national origin.

30. Such discrimination was based upon the Plaintiff's national origin in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Cuban.

31. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of national origin was unlawful but acted in reckless disregard of the law.

32. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

33. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

34. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

35. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

36. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

37. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiffs' rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
## SEX DISCRIMINATION
## IN VIOLATION OF TITLE VII

38. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-26 of this complaint as if set out in full herein.

39. Plaintiff is a member of a protected class under Title VII.

40. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's national origin and subjected the Plaintiff to animosity based on Plaintiff's Sex as a Female.

41. Such discrimination was based upon the Plaintiff's sex in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Female.

42. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of sex was unlawful but acted in reckless disregard of the law.

43. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

44. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

45. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

46. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

47. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

48. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

G. Adjudge and decree that Defendant has violated Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiffs' rights;

H. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

I. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

J. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

K. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

L. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
*Retaliation in Violation of Title VII.*

49. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-26 of this complaint as if set out in full herein.

50. By the conduct describe above, Defendant retaliated against Plaintiffs for exercising rights protected under Title VII.

51. Defendant's conduct complained of herein was willful and in disregard of Plaintiffs' protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of sex and national origin was unlawful but acted in reckless disregard of the law.

52. As a result of Defendant's actions, as alleged herein, Plaintiffs have been deprived of rights, have been exposed to ridicule and embarrassment, and they have suffered emotional distress and damage.

53. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against Plaintiffs, deprived Plaintiffs of statutory rights under federal law.

54. The actions of Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to Plaintiffs' statutorily protected rights, thus entitling Plaintiffs to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

55. Plaintiffs have suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendants:

M. Adjudge and decree that Defendants have violated Title VII, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

N. Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

O. Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

P. Require Defendants to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

Q. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

R. Grant such additional relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: January 13, 2022

Respectfully submitted,

/s/ Jason S. Remer
**REMER & GEORGES-PIERRE, PLLC**
**Jason S. Remer, Esq.**
Florida Bar No. 0165580
jremer@rgpattorneys.com
**Daniel H. Hut, Esq.**
Florida Bar No. 121247
dhunt@rgpattorneys.com
44 West Flagler St., Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

*Attorneys for Plaintiff*